## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| JORDAN CARPENTER, individually and on behalf of the ESTATE OF DENNIS CARPENTER,<br><br>    Plaintiffs,<br><br>v.<br><br>GEORGIA DEPARTMENT OF CORRECTIONS; DANIELLE RAWL; RICKY BROWN; BRITTNEY BEARD; JOHN RICHARDSON; DOE DEFENDANT I; AARON PINEIRO; ZECHARIAH JONES; and BRIANA KAIGLER,<br><br>    Defendants. | Civil Action File No.<br>5:24-CV-00112 (TES) |

### CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The above-styled case is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, it appearing that all of the parties agree to and consent to this Confidentiality Agreement and Protective Order (henceforth "Order"), and for good cause, it is further ORDERED AS FOLLOWS:

1. All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the

contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation.

2.      If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL."  Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order.

3.      As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms: (g) information in employment records reflecting the names of any family members, or insurance beneficiaries, of the parties; and (h) images or designs or designs of any prison and/or jail interior.

4.      This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

5.      The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on each page of the document which the designating party wishes to designate as confidential.  All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party.  Any and all medical records

received by virtue of responses to subpoena or by production requests supplied by either party shall be kept confidential pursuant to the HIPAA order.

6. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 30 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

7. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses; the author or recipient of the document (not including a person who received the document in the course of litigation); and other persons only by written consent of the producing

party or upon order of the Court and on such conditions as may be agreed or ordered; and persons assisting counsel. In addition, information and documents designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" may be disclosed to individuals interviewed as part of a party's investigation in this litigation for whom disclosure is reasonably necessary for the purpose of that investigation. The only Confidential information that may be disclosed to these individuals is information that is reasonably necessary to disclose for the purpose of investigation in this litigation. (Such individuals may not retain any copy, including but not limited to electronic or physical duplications, of any documents or other materials, containing Confidential Information.) As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

8. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the other party to any person, other than the Court, the trier of fact, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Order to such person, who shall read this Order and be fully familiar with its provisions and agree to comply its terms.

9. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" will not be

deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

10. The Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

11. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or material contained herein have been communicated or disclosed pursuant to the provisions of this Order or any other order of the Court.

12. This Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, relevance or privilege. Further, the provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

13. Any person who reviews or receives confidential material shall not disclose such information to any other person except as allowed by and in strict conformity with this Order. Attorneys of record shall advise all persons who are given access to confidential information of the terms of this Order and shall have all persons who are given access to confidential information other than members of the attorneys' staff sign a copy of this Order to acknowledge their familiarity with the terms of the Order and its binding force. Individuals who are shown confidential information shall not be allowed to retain copies and shall not use the confidential information for any purposes unrelated to this litigation.

14. This Order may be submitted to the Court for signature as an Order. Notwithstanding the foregoing, the failure to submit this Order to the Court to be "so entered" shall not impair or defeat the effectiveness or binding nature of this Order as an agreement between the parties.

15. Nothing in this Order shall preclude any of the parties from otherwise seeking a modification of this Order.

DONE and ORDERED this the 28 day of June, 2024.

_____
U.S. District Judge

Agreed to:
/s/ Kirkland E. Reid
KIRLAND E. REID
Georgia Bar No. 525013
The Finley Firm, P.C.
200 13th Street
Columbus, GA 31901
Telephone: 706-322-6226
Facsimile: 706-322-6221
kreid@thefinleyfirm.com
*Attorney for Defendants*

Agreed to:
/s/ Eric S. Fredrickson
ERIC S. FREDRICKSON
Georgia No. 489783
Harman Law Firm LLC
3975 Roswell Rd. NE
Atlanta, GA 30342
Telephone: 404-554-0777
Facsimile: 404-424-9370
EFredrickson@harmanlaw.com
*Attorney for Plaintiff*